## IN THE U.S. DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Mr. Anthony Paige** | * | |
| 1114 N. Bond Street | | |
| Baltimore, Maryland 21213 | * | |
| | | |
| **Plaintiff** | * | |
| | | |
| | * | |
| v. | | Case No. _____ |
| | * | |
| **Berman's Automotive, Inc.** | | |
| (d/b/a "Bermans Automotive") | * | |
| 5720 Reisterstown Road | | |
| Baltimore, Maryland 21215 | * | |
| | | |
| **and** | * | |
| | | |
| **Charles Berman** | * | |
| c/o Berman's Automotive, Inc. | | |
| 5720 Reisterstown Road | * | |
| Baltimore, Maryland 21215 | | |
| | * | |
| | | |
| **Defendants** | * | |
| _____/ | | |

## **COMPLAINT**

Plaintiff, Mr. Anthony Paige, through undersigned counsel, states a complaint against Defendant Berman's Automotive, Inc. ("Defendant") pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and a supplemental individual claim arising under the Maryland Wage Payment and Collection Law, Md. Ann. Code LE art. 3-501 *et seq.* ("MWPCL"), and demands a jury trial, as follows:

### **Jurisdiction and Venue**

1.     This is a civil action including claims for damages and relief provided by the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et seq</u>.  Subject matter jurisdiction is conferred on

this Court by 28 U.S.C. § 1331, by virtue of 29 U.S.C. § 216(b).

2. Plaintiff is a resident of Baltimore City, Maryland.

3. Defendant Berman's Automotive, Inc. is a corporation organized under the laws of the State of Maryland.

4. Defendant Charles Berman is, upon information and belief, the President of Berman's Automotive, Inc. Defendant Berman supervises the administration of the business of Defendant Berman's Automotive, Inc., including the hiring and scheduling of, and payments made to auto salespersons such as the Plaintiff. Upon information and belief, Defendant Berman receives earnings, wages, salaries, and dividends from Defendant Berman's Automotive, Inc. Defendant Berman has actively engaged in the management and direction of employees, including the Plaintiff, and has possessed and exercised authority and discretion to fix, adjust, and determine hours worked with respect to employees at Defendant Berman's Automotive, Inc., including the Plaintiff. Upon information and belief, Defendant Berman has custody and control of business records and is responsible for maintaining those records.

5. At all times material herein, Defendants together have employed and continue to employee employees in or about its places of business in the activities of its enterprise engaged in interstate commerce. Said enterprise is a used car dealership, which, at all times material herein, has had an annual gross volume of sales made or business done in an amount exceeding $500,000. Sales and service employees of the Defendants handle and sell goods, such as automobiles and automobile parts that have moved across state lines (including BMW luxury automobiles assembled in Spartanburg, South Carolina). Therefore, the Defendants constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

6. Defendants are and have been at all times material herein an "employer" within the meaning of the FLSA, 29 U.S.C § 203(d) and the MWPCL, Md. Ann. Code, LE art. § 3-501.

7. By failing to properly pay Plaintiff, and others similarly situated, the minimum wage for each hour worked in a statutory workweek, Plaintiff allege that Defendant willfully and without any good faith defense, violated the provisions of the FLSA, 29 U.S.C. § 206.

8. By failing to properly pay Plaintiff all lawful wages due upon termination, Plaintiff allege that Defendant willfully and without bona fide dispute, violated the provisions of the MWPCL, 3-§ 507.2.

9. Venue as to the Plaintiff's Fair Labor Standards Act claims is properly set in this District, since, on information and belief, the Plaintiff was employed in this District, the alleged violations as set forth in this Complaint occurred in this District, and Defendants conduct all of their business operations in this District.

## General Allegations

10. Plaintiff was employed by Defendants for all relevant periods for purposes of the three year statute of limitations period, prior to filing this Complaint. Specifically, Plaintiff began working in June of 2010 and worked into May of 2014. Plaintiff was employed by Defendants as a car salesperson and was responsible for generating used car sales for Defendants at its dealership in Baltimore City, Maryland.

11. Plaintiff worked for six days a week from roughly 9:00 am in the morning until at least 7:00 pm (or from 12pm to close), like other salespersons.

12. Defendants paid Plaintiff, like other salespersons, a "loan" or "draw" of $300.00 every 5th and 25th of the month, with commissions paid on the 15th of the following month.

13. Commissions were paid only when loans on the used cars funded, and that could be a substantial period of time from the date of the sale.

14. Plaintiff was terminated in May 2014. For multiple months during his employment, Plaintiff received amounts of money that were insufficient to cover the minimum wage of $7.25/hour. Defendants have failed to properly pay the Plaintiff the minimum wage for all workweeks. The draw or loan payment was, at least a certain times, not sufficient to guarantee minimum wage compliance on a weekly, biweekly, or monthly basis. Plaintiff did not receive at least the minimum wage for his work in 2011, 2012, and 2013.

15. Moreover, when "draws" or "loans" exceeded commissions, the Defendants not only failed to guarantee compliance with minimum wage laws, but it carried those draws/loans forward indefinitely until the draws were paid from some future month's commissions, without regard to the number of hours worked each month.

16. Accordingly, the Defendants did not maintain a monthly pay plan which guaranteed compliance with minimum wage laws on a weekly, bi-monthly, bi-weekly, or monthly basis, and therefore, Defendants owe the Plaintiff the minimum wage for all hours worked for each statutory workweek.

17. Plaintiff routinely worked at least six days a week, even in excess of scheduled work hours. Defendants had knowledge that the Plaintiff regularly work more than forty-eight hours per week, and had knowledge that the Plaintiff had, from time to time, failed to receive at least the minimum wage for services performed during a statutory workweek. In mid-2013, Defendants were sued in this Court for failing to pay the minimum wage. Westmoreland v. Berman's Automotive, Inc., RDB 13-1184. Even after that lawsuit was filed and notice of its filing was received by Defendants, the Defendants continued to under pay the Plaintiff his

minimum wages for month of May 2013 (Plaintiff was paid $168.00 for the month). After the filing of that lawsuit (<u>Westmoreland v. Berman's Automotive, Inc.</u>, RDB 13-1184), Defendants made no effort to review their payroll and repay the Plaintiff his minimum wages.

18.     Defendants were required by law to record the hours worked by and the wages paid to Plaintiff, and Defendants have, or should have, records sufficient to permit a calculation of the hours worked, and the minimum wage underpayments, for the Plaintiff. At this time and prior to conducting discovery, Plaintiff does not have sufficient documents or information in his possession to calculate unpaid statutory minimum wages. Plaintiff reserves the right to offer appropriate calculations based wholly or in part upon information within the control of Defendants, and to request appropriate awards concerning the Plaintiff, for whom it has not yet been practicable to offer a calculation of back pay due.

19.     All of Plaintiff's efforts to get the Defendant to properly pay his commissions have gone unanswered and ignored. There is no bona fide dispute that the Defendant owes commissions to the Plaintiff.

## COUNT I
### (Fair Labor Standards Act -- Minimum Wage)

20.     Plaintiff realleges paragraphs 1-20 of the Complaint, and incorporate herein the allegations of facts and circumstances in those paragraphs.

21.     By failing to pay Plaintiff the statutory minimum wage, Defendants violated Section 6 of the Fair Labor Standards Act, 29 U.S.C. § 206.

22.     Defendants' violation of the Fair Labor Standards Act was willful.

## COUNT II
### (Violation of MWPCL Act)

22. Plaintiff incorporates paragraphs 1-21 as set forth above, and states that the actions of Defendants in denying the Plaintiff all lawful wages that Plaintiff was due, is a violation of the MWPCL, Md. LE Art. § 3-501 *et seq*.

24. There is no bona fide dispute between the parties as to the right of the Plaintiff to receive the minimum wage. There is no dispute that the Defendants have withheld these minimum wages, despite demand from the Plaintiff.

25. Plaintiff is thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to the wages that have gone unpaid.

### Prayer

Based on the foregoing allegations, Plaintiff respectfully requests that this Court enter a judgment for money damages in an amount to be determined by the evidence, exclusive of attorney's fees; and in support thereof, requests the following:

(a) Enter Judgment against Defendants in favor of Plaintiff, as to all unpaid minimum wage payments determined to be due and owing to the Plaintiff under the FLSA, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments awarded to Plaintiff, for the three year preceding the filing of this lawsuit;

(b) Enter Judgment against Defendant in favor of Plaintiff an amount equal to triple the amount of unpaid minimum wage payments owed the Plaintiff, as Plaintiff is entitled to additional statutory damages under MWPCL;

(c) Award Plaintiff his attorneys' fees and costs in pursuing this action;

(d) Award Plaintiff interest on any sums determined due and owing from Defendants;

(e) Allow Plaintiff to seek an accounting as to his minimum wages owed;

(f) Grant Plaintiff any additional relief that the Court deems appropriate and just.

Respectfully submitted,

/s/ *Howard B. Hoffman*
Howard B. Hoffman, Esq.
Attorney at Law
Federal Bar (Md.) No. 25965
600 Jefferson Plaza, Suite 304
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)

## Jury Demand

The Plaintiff, by his undersigned attorney, hereby demands a jury trial as to all issues triable by a jury.

/s/ *Howard B. Hoffman*
Howard B. Hoffman, Esq.