IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

(Baltimore Division)

| | |
|---|---|
| ANTHONY PAIGE | * |
|     Plaintiff | * |
| v. | *   Case No.  JMC 14-2238 |
| BERMAN'S AUTOMOTIVE, INC. | * |
|     Defendant | * |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

The parties jointly move that the Court approve the attached Settlement Agreement (Exhibit 1). In support of this Motion, the parties state as follows:

1.  Through discovery, the parties conducted an exchange of information, including time cards, payroll records and copies of checks for the purpose of an expert evaluation, which was in fact performed by an expert engaged by counsel for the Plaintiff, to determine amounts that Plaintiff was allegedly unpaid according to FLSA.

2.  As a part of the Settlement Agreement, the parties further reached an agreement with regard to the issue of Plaintiff's attorney's fees, and costs so that all matters in connection with this claim have been resolved.

3.  The Settlement Agreement was reached in mediation before Magistrate Judge Beth P. Gesner on January 13, 2015. Judge Gesner and the parties had the benefit of the expert evaluation, as well as the claim for counsel fees for Plaintiff's counsel. Each side was capably represented by experienced counsel at mediation.

Respectfully submitted,

/s/

Howard B. Hoffman, Esquire
600 Jefferson Plaza, Suite 404
Rockville, Maryland 20852
(301) 251-3753 Telephone
(301) 251-3753 Facsimile

Attorney for Plaintiff

/s/

Jeffrey N. Pritzker, Esquire
Margolis, Pritzker, Epstein & Blatt, PC
101 East Chesapeake Avenue
Towson, Maryland 21286
(410) 823-2222 Telephone
(443) 279-6267
Attorney for Defendants

APPROVED:

_____
Hon. Mark J. Coulson
U.S. Magistrate Judge

_____
Date

## SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF CLAIMS (the "Agreement") is made and entered into this 3rd day of January, 2015 by and between ANTHONY PAIGE ("Plaintiff") and BERMAN'S AUTOMOTIVE, INC. ("Berman's Automotive") and CHARLES BERMAN, individually and as a representative of Berman's Automotive, Inc. ("Berman").

WHEREAS Plaintiff was employed by Berman's Automotive;

WHEREAS Plaintiff has filed an action in the United States District Court for the District of Maryland styled Paige v. Berman's Automotive, Inc., et al., Case No. GLR 14-2238 (the "Lawsuit") alleging underpaid wages under the Fair Labor Standards Act and the Maryland Wage Payment and Collection Law and other claims for alleged unpaid wages;

WHEREAS Defendants have denied any and all allegations of wrongdoing asserted by Plaintiff;

WHEREAS the parties collectively desire to settle fully and finally all differences between them arising from or in any way connected with Plaintiff's employment or employment relationship with Defendants; .

NOW, THEREFORE, for consideration as set forth herein, the parties have agreed to a full and final settlement of the matter as follows:

1.      Defendants shall pay the sum of Fifteen Thousand Dollars ($15,000.00) to settle all claims involving Plaintiff's Lawsuit, including but not limited to, claims for wages due, unpaid overtime, minimum wage claims, statutory damages and attorneys' fees and costs. That amount is comprised of the following:

(a) Defendant shall pay Plaintiff the sum of Five Thousand Five Hundred Dollars ($5,500.00);

(b) Defendants shall pay Nine Thousand Five Hundred Dollars ($9,500.00), payable to Plaintiff's counsel, Howard B. Hoffman, Esquire, to settle all claims for attorneys' fees and costs of any nature whatsoever in connection with this Lawsuit; and

(c) All payments are to be sent to Plaintiff's counsel via reliable overnight delivery, with risk of non-delivery resting on Defendants.

2.      **PAYMENTS**. Defendants agree to pay the above settlement amount as follows:

a.      Within five (5) days of approval of this Settlement Agreement by the United States District Court, Defendants shall pay one-half (1/2) of the amounts payable under Paragraphs 1(a) and (b) (i.e. Seven Thousand Five Hundred Dollars ($7,500.00)), through the office of Plaintiff's counsel;

1

b.    Within forty-five (45) days of the aforementioned approval, the remaining one-half (1/2) of the amounts payable under Paragraph 1(a) and (b) (i.e. Seven Thousand Five Hundred Dollars ($7,500.00)) shall be paid through the offices of Plaintiff's counsel.

3.    **FORM 1099.** Berman's Automotive shall issue a Form 1099 to Plaintiff checking box 3 which shall reflect the amount of Five Thousand Five Hundred Dollars ($5,500.00), the amount which Plaintiff will receive as full and final settlement of the Lawsuit. In addition, Berman's Automotive shall issue a Form 1099 to Howard Hoffman, Esquire which shall reflect the amount of Nine Thousand Five Hundred Dollars ($9,500.00), the amount which is payable as attorney's fees and costs.

4.    **LIEN RELEASE FOR VEHICLE.** Berman's Automotive shall immediately forward to Plaintiff a lien release for the vehicle which Plaintiff has purchased from said Defendant.

5.    **APPROVAL BY COURT/DISMISSAL WITH PREJUDICE.** Upon full execution of this Agreement, Defendants' counsel shall file with the Court a Joint Motion to Approve the Settlement Agreement (the "Motion"). The Motion is attached to this Agreement as Exhibit A. The parties also agree that this Agreement is contingent upon the U.S. District Court for the District of Maryland's approval of all the material terms of the Agreement and the granting of the Motion, and should the U.S. District Court for the District of Maryland not approve all the material terms of this Agreement, the Agreement will be null and void and no legal effect. Upon payment of all sums owed under this Agreement pursuant to Paragraphs 2(a) and (b), the Plaintiff shall file a Notice of Dismissal with prejudice with the U.S. District Court with respect to the Lawsuit. No party shall have the right to appeal any decision, order, or judgment entered in this Lawsuit.

6.    **FULL AND FINAL RELEASE.** Except for Defendants' obligation under this Agreement, in consideration for the payments being provided to Plaintiff and his counsel by Defendants, Plaintiff, for himself, and for Plaintiff's attorneys, heirs, executors, administrators, successors and assigns, fully, finally and forever waives, releases and discharges the Defendants, including, as applicable, all their heirs, executors, administrators, parent, subsidiary and/or affiliated companies, as well as their successors, assigns, officers, owners, directors, agents, representatives, attorneys, and employees (all of whom are referred to throughout this Agreement as "the Releasees"), of and from all claims, demands, actions, causes of action, suits, damages, losses, and expenses, of any and every nature whatsoever, known or unknown, as a result of actions or omissions occurring from the beginning of time through the effective date of this Agreement. Without limiting the generality of the foregoing, specifically included in this waiver and release are, among other things, any and all claims of alleged retaliation, either as a result of the Company's termination of Plaintiff's employment or otherwise, any and all claims alleging wrongful termination, the failure to pay wages (including the minimum wage), the failure to pay overtime, retaliatory discharge, discrimination, harassment or retaliation in employment on the basis of race, color, sex, religion, national origin, age, disability,

2

handicap, marital status, or any other category protected by applicable federal, state of local law, and/or the violation of any rights under: the ADEA; Title VII of the Civil Rights Act of 1964; the Civil Rights Acts of 1866 and 1871; the Civil Rights Act of 1991; the Equal Pay Act; the Americans with Disabilities Act; the Family and Medical Leave Act; the Fair Labor Standards Act; the Employee Retirement Income Security Act of 1974; the National Labor Relations Act; the Immigration Reform and Control Act of 1986; the Occupational Safety and Health Act; the Fair Credit Reporting Act; the Sarbanes-Oxley Act of 2002; the Maryland Wage and Hour Law; and the Maryland Wage Payment Collection Law; or any other federal, state or local laws or regulations prohibiting employment discrimination or regulating employment, the payment of wages or the termination of employment in any way, negligent or intentional infliction of emotional distress, breach of contract, fraud, or any other unlawful behavior, the existence of which is specifically denied by the Defendants. This Agreement does not bar Plaintiff from bringing an action to enforce the terms of this Agreement in the event of Default. This Release further includes any and all claims for attorney's fees and costs. Plaintiff represents that he has not heretofore assigned or transferred this claim.

7. **NO OTHER CLAIMS**. Plaintiff represents and warrants that Plaintiff has not filed, nor assigned to others the right to file, nor are there currently pending, any complaints or lawsuits against the Defendants with any court other than the Lawsuit, and Plaintiff hereby promises that Plaintiff will not file, or assign to others the right to file, or make any further claims against the Defendants, on behalf of himself or others, at any time for actions taken up to and including the date Plaintiff executes this Agreement. Plaintiff waives all collective and/or class allegations and withdraws and dismisses same with prejudice, and neither Plaintiff, nor any of his attorneys, shall amend this Lawsuit or otherwise file additional pleadings, motions or papers, other than those pleadings, motions and/or papers necessary to seek approval of this Agreement of engage in enforcement proceedings.

8. **NON-ADMISSION OF LIABILITY OR WRONGFUL CONDUCT**. This Agreement shall not be construed as an admission by the Defendants of any liability or acts of wrongdoing, nor shall it be considered to be evidence of such liability or wrongdoing. Defendants do not admit, and specifically deny, any liability to Plaintiff, and any wrongdoing or violation of any law, statute, regulation, agreement or policy, and Defendants are entering into this Agreement and providing the payments and benefits set forth herein solely for the purpose of avoiding the burdens and expenses of further litigation, including the characterization of a part of the payment as liquidated or other damages. The parties acknowledge and agree that no judgment has been entered as to any findings of liability or wrongdoing of any kind have been made by any court of law or administrative agency.

9. **MUTUAL NON-DISPARAGEMENT/ NON-PUBLICITY**. The parties represent and warrant that as of the execution date of this Agreement, the Parties promise that they hereafter will not, make or solicit the making of any statement that serves to

disparage, criticize or denigrate the other, or the products or services of any of the Parties. Plaintiff will not disseminate any information concerning this Agreement or the Lawsuit to any other parties. It is understood that the non-disparagement provisions of this Agreement are substantive and material provisions of this Agreement and breach of this paragraph will support a cause of action for breach of contract and injunctive relief.

10. **GOVERNING LAW**. This Agreement is to be interpreted, enforced, and governed by and under the laws of Maryland, without giving effect to the conflict of laws, rules and principles thereof.

11. **SOLE AND ENTIRE AGREEMENT**. This Agreement sets forth the entire agreement between the parties. Any prior agreements between or directly involving the parties to the Agreement are superseded by the terms of this Agreement and thus are rendered null and void.

12. **LEGALLY BINDING AGREEMENT**. Plaintiff understands and acknowledges that upon Court approval of this Agreement (a) that this is a legally binding release contingent upon Court approval of this Agreement; (b) that by signing this Agreement, Plaintiff is hereafter barred from instituting claims against any of the Releasees in the manner and to the extent set forth in this Agreement; and (c) that this Agreement is final and binding. This Agreement shall be binding upon and inure to the benefit of Defendants and Plaintiff and their respective heirs, attorneys, administrators, representatives, executors, successors and assigns.

13. **CONSTRUCTION**. This Agreement shall not be construed against the party preparing it, but shall be construed as if all Parties jointly prepared this Agreement and any uncertainty and ambiguity shall not be interpreted against any one party.

14. **HEADINGS**. The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force and effect, nor do they in any way alter the terms or meaning of this Agreement.

15. **AGREEMENT IS KNOWING AND VOLUNTARY**. Plaintiff further represents and acknowledges that none of the Releasees have made any representations, statements, promises, inducements, threats or suggestions to influence him to sign this Agreement, except those statements which are expressly set forth herein.

16. **ELECTRONIC SIGNATURES/COUNTERPARTS**. Defendants and Plaintiff agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but such counterparts shall together constitute one and the same agreement. The signature and execution of this Agreement by any of the parties may be evidenced by facsimile, photocopy, or electronic transmission and such signature and execution shall be deemed to constitute the original signature of the party.

PLAINTIFF:

DATE: _1/23/15_____ _____
Anthony Paige

DEFENDANTS:

BERMAN'S AUTOMOTIVE, INC.

DATE: _1/23/15_____ By: _____

DATE: _1/23/15_____ _____
Charles Berman

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

(Baltimore Division)

| | | |
|---|---|---|
| ANTHONY PAIGE | * | |
| Plaintiff | * | |
| v. | * | Case No.  JMC 14-2238 |
| BERMAN'S AUTOMOTIVE, INC. | * | |
| Defendant | * | |

*     *     *     *     *     *     *     *     *     *     *     *     *

## ORDER

Upon consideration of Joint Motion to Approve Settlement it is this ___ day of
_____, 2015 hereby ORDERED AND DECREED that the Joint Motion is granted.
Based on the representations by counsel set forth in the Joint Motion and the proposed
Settlement Agreement the Court finds that it represents a fair and reasonable
compromise of the claims made in this case.

The Clerk of the Court shall dismiss this case upon the filing of a Notice of
Dismissal, which shall be promptly filed following the final payment as provided in the
parties' Settlement Agreement.

**SO ORDERED.**

_____
Honorable Mark J. Coulson,
Magistrate Judge
U.S. District Court for the
District of Maryland

cc:   Clerk of the Court
      Counsel (via ECF)